1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12  E&E CO., LTD.,                        )     Case No.: C 08-5660 RMW (PVT)
                                          )
13              Plaintiff,                )     **INTERIM ORDER RE DIVATEX HOME
                                          )     FASHION, INC.'S MOTION TO COMPEL
14      v.                                )     DEPOSITIONS OF EDWARD JIN AND PEI LEI**
                                          )
15  DIVATEX HOME FASHION, INC., et al.,   )
                                          )
16              Defendants.               )
    _____)

17

18          On January 11, 2010, Defendant Divatex Home Fashion, Inc. filed a motion to compel the

19  depositions of Edward Jin and Pei Lei.[1]  Based on the moving papers,

20          IT IS HEREBY ORDERED that Defendant's motion is DENIED as premature as to Edward

21  Jin.  From the moving papers, it appears that Jin has not yet failed to appear for his deposition.

22  Defendant cites no legal authority for a motion to compel *before* a party fails to appear for a duly

23  noticed deposition.

24          Rule 37(a) of the Federal Rules of Civil Procedure provides, in relevant part:

25      "(1)   ***In General.***  On notice to other parties and all affected persons, a party
                may move for an order compelling disclosure or discovery. The motion
26              must include a certification that the movant has in good faith conferred
                or attempted to confer with the person or party failing to make

27

28          [1]      The holding of this court is limited to the facts and the particular circumstances
    underlying the present motion.

                                      ORDER, *page 1*

1    disclosure or discovery in an effort to obtain it without court action.

2        * * * *

3    "(3)   **Specific Motions.**

4        * * * *

5        "(B)   *To Compel a Discovery Response.*  A party seeking
            discovery may move for an order compelling an answer,
6            designation, production, or inspection. This motion may
            be made if:

7
            "(i)    a deponent fails to answer a question
8                asked under Rules 30 or 31;"

9    Under the rules, a motion to compel is authorized only after a party "fails to make discovery"

10   or "fails to answer a question asked under Rules 30 or 31."  Nothing in the rule authorizes the court

11   to issue an order compelling a deposition *before* the party fails to appear and answer questions.

12       The rule that governs a situation where a party fails entirely to appear for a duly noticed

13   deposition is Rule 37(d), which provides in relevant part:

14   "(1)   **In General.**

15       "(A)   *Motion; Grounds for Sanctions.* The court where the
            action is pending may, on motion, order sanctions if:
16
            "(i)    a party or a party's officer, director, or managing agent
17                — or a person designated under Rule 30(b)(6) or
                31(a)(4) — fails, after being served with proper notice,
18                to appear for that person's deposition; or

19       * * * *

20   "(2)   **Unacceptable Excuse for Failing to Act.**  A failure described in Rule
            37(d)(1)(A) is not excused on the ground that the discovery sought was
21           objectionable, unless the party failing to act has a pending motion for a
            protective order under Rule 26(c)."

22

23       Thus, unless and until Jin fails to appear for his properly noticed deposition, a motion to

24   compel is premature.

25       It appears from the moving papers that Plaintiff served an "objection" to the deposition on

26   Defense counsel.  However, under Rule 37 a failure to appear for deposition is not excused unless a

27   actual motion for a protective order has been filed.  The court cautions Plaintiff that a belated motion

28   for protective order does not automatically excuse a failure to appear for deposition.  A strong

ORDER, *page 2*

1 | showing that the deposition notice was actually objectionable, and that Plaintiff made good faith

2 | efforts to resolve the issue with Defendant, will be required.

3 |       IT IS FURTHER ORDERED that this order is without prejudice to a renewed motion to

4 | compel, and a separate motion for sanctions pursuant to Rule 37(d), if Jin fails to appear for his

5 | properly noticed deposition without first filing a meritorious motion for a protective order under

6 | Rule 26(c)).

7 |       IT IS FURTHER ORDERED that the motion to compel remains on calendar for February 16,

8 | 2010 with regard to the deposition of Pei Lei.

9 |       IT IS FURTHER ORDERED that the request for sanctions is DENIED without prejudice to a

10 | motion brought separately, as required by Civil Local Rule 7-8(a).  However, any such motion shall

11 | not be filed until after the court rules on the remainder of the present motion.

12 | Dated:  *Jan. 14, 2010*

13 | PATRICIA V. TRUMBULL

14 | United States Magistrate Judge

ORDER, *page 3*